UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14467-CIV-MARTINEZ/MAYNARD

**DEXTER CRUTCHFIELD BEY,**

    **Plaintiff,**

v.

**THE CIRCUIT COURT OF THE
NINETEENTH JUDICIAL CIRCUIT
SAINT LUCIE COUNTY,** *et al.***,**

    **Defendants.**
_____/

## ORDER

**THIS CAUSE** is before me upon referral for appropriate disposition of all pretrial matters. DE 4.  Plaintiff's Motion to Proceed in District Court without Prepaying Fees or Costs, a currently pending motion, was filed on December 6, 2021.  DE 3.  Upon review of the record and being fully advised, the motion is **DENIED WITHOUT PREJUDICE**.

## BACKGROUND

Plaintiff's case derives from a traffic citation.  According to the Complaint, on October 23, 2021, Officer Alexis Bieger stopped Plaintiff's motor vehicle at Southwest Prima Vista Boulevard and Southwest Bayshore Boulevard in Port Saint Lucie, Florida.  DE 1 at 3, 9.  Plaintiff was issued a traffic citation, # AEK1IGE, for driving with a suspended license in violation of Fla. Stat. § 322.34(2)(a).  *Id*. at 9.

On November 15, 2021, State Attorney for the Nineteenth Judicial Circuit Thomas R. Bakkedahl and Assistant State Attorney Paige Farach requested a capias warrant based on the one

count charge against Plaintiff for driving with a suspended license with a prior conviction for doing so.  DE 1 at 30-31.  The warrant was issued the same day by Judge Daryl Isenhower.  *Id*. at 31.

On November 16, 2021, Plaintiff appeared before the court for arraignment.  DE 1 at 28-29.  The Clerk of Court for St. Lucie County, Michelle R. Miller, filed the arraignment case notes specifying Plaintiff's criminal charges and noting the next court appearance was set for January 25, 2022.[1]  *Id*.

On December 6, 2021, Plaintiff, proceeding *pro se*, filed a Complaint suing eight (8) state officials and agencies involved in his state court case stemming from his traffic citation on October 23, 2021.  DE 1 at 1-8.  Those sued include, but are not limited to, the Circuit Court of the Nineteenth Judicial Circuit in and for Saint Lucie County, Florida; Judge Isenhower; State Attorney Bakkedahl, Clerk of Court Michelle R. Miller and Officer Bieger.  *Id.*  Plaintiff alleges that he is a Moorish American, is entitled to $300,000 in compensatory damages and $300,000 in punitive damages from each Defendant and invokes "[t]he Divine Constitution and By-Laws of the Moorish Science Temple of America[,]" among other Moorish authority.  *Id*. at p. 4-5.

Also, on December 6, 2021, Plaintiff filed a Motion to Proceed in District Court Without Prepaying Fees or Costs.  DE 3.  Plaintiff failed to provide any information regarding self-income, bank accounts, property, monthly expenses, loans, financial debt, etc.  *Id*.  Plaintiff either crossed out questions or cited to the Florida Constitution.  *Id.*  Plaintiff also stated that he was "not obligated to discuss private information."[2]  *Id*. at 2.

---

[1] Court records for Plaintiff's state court case in the Circuit/County Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida, case number 2021CT002115 A, indicate that Plaintiff was adjudicated guilty of the traffic violation on April 28, 2022 and was sentenced to serve 100 days in the county jail.  *See* https://courtcasesearch.stlucieclerk.com/BenchmarkWebExternal/Home.aspx/Search.

[2] This is not the first time Plaintiff has filed an incomplete application to proceed *in forma pauperis*. *See The Circuit of the Nineteenth Judicial Circuit Saint Lucie County, et al. v. Dexter Crutchfield* Bey, No. 2:19-14127-Civ-Rosenberg/Maynard, at DE 9.  In that case, Plaintiff filed a Complaint on April 10, 2019, pertaining to state child support proceedings.  *Id*. at DE 1.  Plaintiff sued the Circuit Court of the Nineteenth Judicial Circuit in and for Saint

## ANALYSIS

Before screening Plaintiff's complaint under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) governing *in forma pauperis* ("IFP") applications, I must first determine if "the statements in the [applicant's] affidavit satisfy the requirement of poverty." *Kitteriell v. Att'y Gen. of U.S.*, No. 22-21655-Civ-Bloom/Otazo-Reyes, 2022 WL 2709110, at *1 (S.D. Fla. June 13, 2022) (citation omitted); 28 U.S.C. § 1915(a)(1).

An IFP applicant's "affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004); *see also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (IFP status need not be granted where one can pay or give security for the costs "and still be able to provide himself and dependents with the necessities of life."). The section 1915 analysis requires "comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014). Authorization to proceed *in forma pauperis* is committed to the court's sound discretion. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *see also Thomas*, 574 F. App'x at 916 ("A district court has wide discretion in ruling on an application for leave to proceed IFP.").

Here, Plaintiff does not provide any information to determine whether he qualifies for IFP status. Mindful of Plaintiff's *pro se* status, I will permit him an additional opportunity to either fill out and submit a renewed IFP application or pay the filing fee in full. *See Chandler v. United*

---

Lucie County, Florida, two judges, and other state agencies. *Id.* United States District Judge Robin L. Rosenberg remanded the case to state court for lack of subject matter jurisdiction. *Id.* at DE 5.

*States of America*, No. 19-60853-Civ-Bloom/Reid, 2020 WL 7871939, at *2 (S.D. Fla. October 21, 2020) (denying without prejudice an incomplete IFP application).

Any renewed IFP application shall be carefully reviewed. As a reminder, the requisite supporting affidavit operates as a declaration under penalty of perjury that the information included in the application is true and reflects an understanding that any false statement may result in a dismissal of claims raised.[3]

## CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Proceed in District Court without Prepaying Fees or Costs, DE 3, is **DENIED WITHOUT PREJUDICE**.

2. By or before **October 20, 2022**, Plaintiff shall either pay the full filing fee or file a renewed motion to proceed *in forma pauperis* by completing an updated "Long Form" Application to Proceed in District Court Without Prepaying Fees or Costs. **Plaintiff is cautioned that failure to either pay the filing fee or file a motion to proceed *in forma pauperis* by this deadline may result in a recommendation that this case be dismissed without further notice.**

---

[3] Having reviewed Plaintiff's claims, I caution him that claims based on Moorish nationality or authority will be dismissed on grounds of frivolity. Such claims are indicative of the completely discredited "Sovereign Citizen" theory. *See*, *e.g.*, *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (noting that "so-called 'sovereign citizens,' who believe they are not subject to the jurisdiction of the courts … have [had their legal theories] summarily rejected … as frivolous"); *see also Bey v. Georgia*, 2020 WL 10051498, at *1 (N.D. Ga. Jan. 9, 2020) (dismissing assertion of "purported status as a nobleman of the "Al Moroccan Empire," [and] a Moorish national," as frivolous "sovereign citizen" arguments); *Great Seal Nat'l Ass'n of Moorish Affairs v. 46th Dist. Ct. Of Oakland County*, 2007 WL 169850 at *2 (E.D. Mich. Jan. 17, 2007) (dismissing claim that plaintiffs owned several parcels of property by virtue of their Moorish ancestry as "baseless, fantastic, and delusional" and finding the complaint to be "indecipherable"); *Khattab El v. U.S. Justice Dep't*, 1988 WL 5117 at *5 (E.D. Pa. Jan. 22, 1988) (holding that "the United States has not recognized the sovereignty of the Moorish Nation," thus precluding sovereign immunity.).

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 6th day of October 2022.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE

**Copy via U.S. Mail to:**
Dexter Crutchfield Bey, *pro se*
425 North 21st Street
Fort Pierce, FL 34950