UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14467-CIV-MARTINEZ/MAYNARD

DEXTER CRUTCHFIELD BEY,

    **Plaintiff,**

v.

THE CIRCUIT COURT OF THE
NINETEENTH JUDICIAL CIRCUIT
SAINT LUCIE COUNTY, *et al.*,

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** has been referred to me for appropriate disposition of all pretrial matters. DE 4. For the reasons stated herein, I **RECOMMEND** that Plaintiff's action be **DISMISSED**.

Plaintiff Dexter Crutchfield Bey, proceeding *pro se*, is suing eight state officials and agencies involved in his state court case arising from his traffic citation on October 23, 2021. DE 1 at 1-8. On October 6, 2022, I issued an Order (DE 5) denying Plaintiff's Motion to proceed in District Court without Prepaying Fees or Costs ("IFP Application") (DE 3). The Order detailed deficiencies in Plaintiff's IFP Application and directed Plaintiff to either pay the filing fee or file an updated IFP Application by October 20, 2022. DE 5 at 4. Plaintiff was cautioned that failure to do so may result in a recommendation that this case be dismissed without further notice. *Id.* Plaintiff failed to pay the filing fee or correct the deficiencies in his IFP Application. Therefore, on November 1, 2022, I issued an Order to Show Cause. DE 6. The Order to Show Cause directed Plaintiff to pay the filing fee or move to proceed *in forma pauperis* ("IFP") by November 15, 2022, or to show cause by this date why I should not recommend that his action be dismissed for failure to prosecute and failure to comply with Court Orders.

Plaintiff has not responded to the Court's Order to Show Cause, has not paid the filing fee, and has not filed an amended IFP motion. Nor has Plaintiff sought an extension of time to do so.

A district court may dismiss a case, on its own initiative, if a plaintiff abandons its prosecution of the suit or fails to comply with court orders. *Equity Lifestyle Properties, Inc. v. Fla. Mowing and Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)) and holding that "[t]he court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order"). Indeed, the power to dismiss a case is part of a court's inherent authority to manage its docket and ensure the expeditious resolution of cases. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (discussing federal courts' inherent power and stating that a court "may act *sua sponte* to dismiss a suit for failure to prosecute").

"A 'dismissal with prejudice, whether on motion or *sua sponte*, is an extreme sanction that may be properly imposed only when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'" *Effs v. City of Miami*, No. 21-11672, 2021 WL 6116643, at *3 (11th Cir. Dec. 27, 2021) (quoting *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337-38 (11th Cir. 2005)). With respect to the first prong, a court must find, at a minimum, that a plaintiff's delay in prosecuting a case is willful; mere negligence does not suffice. *Id.* (citing *McKelvey v. AT & T Technologies, Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986); *In re Se. Banking Corp.*, 204 F.3d 1322, 1332 (11th Cir. 2000) (holding that "simple negligence, misunderstanding, or inability to comply" does not constitute "willfulness")). As to the second prong, a district court is required to consider lesser sanctions. *See Barnes v. Fed. Commc'ns Comm'n*, 824 F. App'x 745, 750 (11th Cir. 2020) (affirming dismissal with prejudice on grounds that lesser sanctions, including dismissal without prejudice, would not suffice where plaintiff had previously filed two similar frivolous actions and had disregarded the district court's orders to file a renewed IFP motion and amend the complaint).

Courts are afforded greater discretion in dismissing cases where dismissal is without prejudice. *See Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 719 (11th Cir. 2011) (affirming dismissal of complaint without prejudice for failure to prosecute).

Over one month has passed since the deadline for Plaintiff to respond to my Order to Show Cause—the second order warning Plaintiff that I would recommend that his case be dismissed if he failed to: (1) pay the filing fee; (2) file an amended IFP motion; or (3) show cause why he could not. In fact, Plaintiff has not filed anything in this case since filing the complaint and IFP Application in December 2021. Thus, it appears that Plaintiff is neither monitoring the record in his case nor interested in continuing to pursue his claims. There is not, however, any clear record of delay or contumacious conduct. Therefore, dismissal with prejudice for failure to prosecute is not warranted. Rather, I find that this action should be dismissed without prejudice. *See, e.g., Riddell v. Florida*, 702 F. App'x 869, 871-72 (11th Cir. 2017) (affirming dismissal without prejudice for want of prosecution after plaintiff failed to respond to an order directing him to show cause why the case should not be dismissed following his failure to respond to a motion to dismiss). Because Plaintiff is not engaging with his case and is not responding to Court Orders, it appears unlikely that Plaintiff would respond to orders imposing lesser sanctions. Therefore, I find that lesser sanctions than dismissal without prejudice would not be effective.

## CONCLUSION

Plaintiff has neither actively pursued his case nor followed this Court's directives. Accordingly, I respectfully **RECOMMEND** that this case be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to comply with Court Orders.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge

Jose E. Martinez. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 19th of December, 2022.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE